In the Matter of the Estate of PELAYO SOBERANO, Deceased.

Surrogate's Court, New York County, January 31, 1942.

*Moses & Singer [Felix A. Fishman* of counsel], for the petitioner.

*Gerald P. Culkin,* special guardian.

FOLEY, S.   In this trustee's accounting instructions are sought as to the method of administering three parcels of real property acquired through foreclosure.

During the administration of this trust it became necessary for the trustee to take part in the foreclosure of three mortgages in which participating interests were held by it.   In each instance

the salvaging of the mortgage investment was conducted through the medium of a corporation organized under the provisions of section 21 of the Personal Property Law and section 111 of the Decedent Estate Law and title to the foreclosed property was taken in the corporate name. Specifically the trustee seeks instructions as to whether or not the provisions of section 17-c of the Personal Property Law are applicable to salvage operations conducted through the medium of these corporations.

The authorization in the Personal Property Law and the Decedent Estate Law for the formation of corporations to take title to real property on foreclosure was intended to provide a convenient means for administering property in which there were many fractional interests. These statutes (Pers. Prop. Law, § 21; Dec. Est. Law, § 111) provide the means to facilitate the salvage of mortgage investments. Nothing in these statutes is in conflict with the rules governing salvage operations set forth in *Matter of Chapal* (269 N. Y. 464); *Matter of Otis* (276 id. 101) or the provisions of section 17-c of the Personal Property Law. These rules are applicable to all salvage operations. By its terms section 17-c applies to the salvage of mortgage participations or mortgage certificates, to the estates of persons dying before its enactment, to mortgages held by trustees before its enactment and to real property acquired by foreclosure before or after its enactment. (*Matter of West*, 175 Misc. 1044; affd., 264 App. Div. 701.)

The provisions of section 17-c of the Personal Property Law are, of course, not applicable to the Third avenue property because in that instance the salvage operation was completed prior to the enactment of the statute. As to the remaining two parcels, the statute is clearly applicable.

Section 17-c of the Personal Property Law imposes no duty on the corporation to declare a dividend and to disburse all of the net income from the foreclosed property up to three per cent per annum of the amount of the entire mortgage. In the management of the property the corporation having title must use its best judgment and consider the rights of all of the fractional interests in the property. When dividends are declared by the corporation, however, the testamentary trustee receiving such dividends must remit to the life beneficiary of the trust from such dividends up to three per cent per annum of the face amount of the original mortgage investment. The fiscal year for the computation of the three per cent begins on the date of the acquisition of the realty by the corporation.

The statute by its terms relates to all net income received by the trustee from the corporation by way of dividends. However,

until a dividend is declared by a corporation from the earnings of the property nothing is payable to the life tenant of the trust. The contention that this court should compel the corporation to distribute net income up to three per cent per annum on the face amount of the original investment cannot be sustained. The testamentary trustee has only a fractional minority interest in the corporation. The surrogate will not interfere with the management and operation of the corporation on the application of this minority stockholder. The testamentary trustee as a stockholder has the same rights as any other stockholder in any other corporation and may enforce its rights in a court of general jurisdiction. In this case, therefore, the provisions of section 17-c are applicable to the two uncompleted salvage operations conducted through the medium of corporations formed pursuant to the Personal Property Law and the Decedent Estate Law. The testamentary trustee must pay to the life tenant from dividends received from the corporation up to three per cent per annum on the face amount of the original investment held by the trustee. The statute applies to the entire salvage operation commencing with the date of acquisition of the property by the corporation.

The compensation of the attorneys for the accounting trustee for service rendered is fixed and allowed in the amount requested.

Submit decree on notice settling the account accordingly.